# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE SCHOFIELD, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 19-4207 |
| | : | |
| WENDY NICHOLAS, Superintendent, et al., | : | |
| Respondents. | : | |

**Henry S. Perkin, M.J.**　　　　　　　　　　　　　　　　　　　　　　　　**January 30, 2020**

## MEMORANDUM

Before the Court is second motion of *pro se* Petitioner Joyce Schofield requesting the appointment of counsel. ECF No. 14. Petitioner was convicted in the Court of Common Pleas of Philadelphia County and is currently incarcerated serving a life sentence in the State Correctional Institution Muncy located in Lycoming County. For the reasons that follow, Petitioner's motion will be denied without prejudice.

**I.　　PROCEDURAL HISTORY.**

Petitioner filed a motion for appointment of counsel on November 2, 2019, listing the following reasons why counsel should be appointed: (1) she is uneducated in the law; and (2) she failed to request that a court-appointed attorney be appointed to represent her. *See* ECF No. 9, p.1. Petitioner sought the appointment of counsel from the Office of the Federal Defender. *Id.* The Court denied the motion by Order dated November 14, 2019, in which it is explained that no constitutional or statutory provision necessitates the appointment of an attorney to represent a petitioner in federal habeas corpus proceedings unless the Court determines, at its discretion, to appoint counsel. Appointment of counsel is appropriate if the Court determines that the interests

of justice so require, if the petitioner's financial status meets a criteria, and if an evidentiary hearing is necessary to resolve the issues raised by a § 2254 petition.

It appears that the instant Motion and the Court's November 14, 2019 Order denying Petitioner's first Motion for Appointment of Counsel may have crossed in the mail. Petitioner's signed the motion on November 20, 2019, and it was docketed by the Clerk of Court on November 25, 2019. *See* ECF No. 14.

## II. DISCUSSION.

In the instant motion requesting the appointment of counsel, Petitioner avers that her case is very complicated; she was allegedly kidnapped and drugged by state employees of both New Jersey and Philadelphia; after she sent a sworn statement to former Pennsylvania State Senator Greenleaf, "something happened" and she later learned that one detective from her case no longer worked in the Philadelphia Police Department. Mot., p. 1. Petitioner contends that she has filed a legal complaint with the Philadelphia District Attorney's Conviction Integrity Unit ("CIU") and the CIU will not "give [her] any answers," the Assistant District Attorney who prosecuted her case "has been proven to be a Dirty D.A," "doing many illegal things to ensure illegal convictions against innocent people," and she is one of those innocent people, illegally and wrongly convicted. *Id.* She claims she needs "true legal representation" to "properly get hidden and denied court records to prove these claims." *Id.* at 1-2.

Petitioner states that she is 68 years old, she is going blind and she was told by an eye doctor that he cannot operate because he suspects that she has a brain tumor. *Id.* at 2. She states that she has many other health issues that affect the quality of her everyday life, making her wheelchair dependent. *Id.* Finally, Petitioner states that she is forgetful, she does not remember

2

things in a timely fashion, she cannot "handle her legal work" and she is facing an eye surgery and possibly brain surgery. *Id.*

Petitioner's claims are for prosecutorial misconduct, due process violations and ineffective assistance of trial counsel. Petitioner's allegations include a claim that each time information was disclosed which might be damaging to the state's case on appeal, evidence disappeared and now her court file contains no discovery, witness statements, medical reports or forensic evidence. No transcripts are contained in the state court record received by this Court from the Court of Common Pleas of Philadelphia County. The file also contains no statements given by Petitioner to Philadelphia police and/or detectives which Petitioner contends were coerced or obtained while she was allegedly drugged. The record contains transcript pages and court opinions from which this Court is able to decipher that Petitioner testified at her trial, but Petitioner's specific testimony is unavailable to this Court. Thus, the state court records of Petitioner's co-Defendants have been requested in an effort to obtain transcripts from Petitioner's trial and any other proceedings in her case. These records are necessary for the Court to fully review Petitioner's claims.

The Sixth Amendment right to counsel does not extend to federal habeas actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). If the Court determines that the interests of justice so require," however, financially eligible habeas petitioners pursuant to 28 U.S.C. 2254 may obtain representation. 18 U.S.C. § 3006A. The interests of justice require appointment of counsel when the Court conducts an evidentiary hearing on the petition or when counsel's assistance is "necessary for effective discovery." A habeas petitioner "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). To the extent that Petitioner seeks discovery to obtain

"hidden and denied court records to prove these claims," a habeas petitioner is not entitled to discovery as a matter of course, but upon a showing of good cause. *See Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir.), *cert. denied*, 512 U.S. 1230 (1994); Rules Governing Section 2254 Cases in the United States District Courts Rule 6. Petitioner fails to set forth with specificity facts to enable this Court to determine if good cause exists to permit any discovery at this time, therefore the request for appointment of counsel is denied without prejudice.

An order follows.