IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOYCE SCHOFIELD,<br>Petitioner,<br><br>v.<br><br>WENDY NICHOLAS, et al.,<br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br>No. 19-4207 |

**Kenney, J.**                                                                                             **March 21, 2022**

**MEMORANDUM**

On January 31, 2022, Petitioner Joyce Schofield filed a Motion to Request Discovery (ECF No. 48) from the Court. Petitioner provides a list of discovery items she is seeking, stating that some of the evidence requested has "never been produced" and that "other items 'disappeared' from file only attorneys to [sic] court had access to." ECF No. 48 at p. 1.

"Discovery in § 2254 litigation proceeds according to Rule 6 of the Rules Governing § 2254 Cases. That provision states, '[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.' Accordingly, habeas petitioners are entitled to discovery only upon a showing of 'good cause,' and even then, the scope of discovery is subject to a district court's sound discretion. *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011) (citing *Harris v. Nelson,* 394 U.S. 286, 299–300, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969) (discussing pre-Rule 6 discovery standard)). *See also Bracy v. Gramley,* 520 U.S. 899, 909, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) (explaining that Rule 6 was meant to be consistent with *Harris*)*; Deputy v. Taylor,* 19 F.3d 1485, 1493 (3d Cir.1994) ("A district court sitting in a habeas case retains the discretion to permit additional discovery if the petitioner presents 'good cause' to do so.").

"A habeas petitioner may satisfy the 'good cause' standard by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ. *Williams*, 637 F.3d at 209 (citing *Harris,* 394 U.S. at 300, 89 S.Ct. 1082); *see also Lave v. Dretke,* 416 F.3d 372, 380 (5th Cir.2005). "The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams*, 637 F.3d at 209; *see also* R. 6(b) R. Gov. § 2254 Cases; *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir.2004); *Murphy v. Johnson,* 205 F.3d 809, 814–15 (5th Cir.2000).

As set forth in this Court's Memorandum & Order Denying Petitioner's Habeas Petition, this Court has found that the claims asserted by Petitioner in the Habeas Petition are procedurally defaulted and substantively meritless. Upon review of Petitioner's Motion to Request Discovery, this Court finds that Petitioner has failed to satisfy the good cause standard, as none of the factual allegations stated therein would entitle her to habeas relief. Specifically, this Court finds that the discovery requested in Petitioner's Motion would not change the Court's determination that Petitioner's claims are both procedurally defaulted and substantively meritless.

Accordingly, this Court finds Petitioner's request for discovery is hereby **DENIED**. An appropriate order will follow.

**BY THE COURT:**

/s/ *Chad F. Kenney*

_____
**CHAD F. KENNEY, JUDGE**
